UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TANISHA SUSIE HASKINS-SCOTT,

    Plaintiff,

v.                                                              Case No. 6:18-cv-975-Orl-CPT

ANDREW M. SAUL,
Commissioner of
Social Security,[1]

    Defendant.
_____/

## **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Supplemental Security Income (SSI) payments and Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is reversed and remanded.

I.

The Plaintiff was born in 1977, has a limited education, and has no past relevant work experience. (R. 25, 64, 83). In July 2014, the Plaintiff applied for SSI

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

and DIB, alleging disability as of January 1, 2012, due to a mental disorder and a learning disability. (R. 83). The Social Security Administration (SSA) denied her applications both initially and on reconsideration. (R. 83-128).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on March 16, 2017. (R. 33-81). The Plaintiff was represented by counsel at that hearing and testified on her own behalf. (R. 33-64, 69-70). A vocational expert (VE) also testified. (R. 64-66, 71-80).

In a decision dated August 25, 2017, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date of January 1, 2012; (2) had the severe impairments of psychosis, depression, and borderline intellectual functioning; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a full range of work, subject to certain non-exertional limitations, including understanding, remembering, and carrying out simple, routine, and repetitive tasks but not at a "production pace" (e.g., assembly line type work); and (5) based on the VE's testimony, was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (R. 15-27). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 26).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether he applied the correct legal standards. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). While the court accords deference to the Commissioner's factual findings, "no such deference is given to [his] legal

4

conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

### III.

The Plaintiff raises two challenges on appeal: (1) the ALJ's decision is not supported by substantial evidence because the VE relied exclusively on the commercial software program Skill-Tran to support the number of jobs in the national economy available to the Plaintiff; and (2) the ALJ's hypothetical questions to the VE failed to account for the Plaintiff's limitation to understanding, remembering, and carrying out simple, routine, and repetitive tasks but not at a "production pace." (Doc. 24 at 11-13, 18-20).

The Commissioner counters that the Eleventh Circuit has found VE testimony similar to that here sufficient to carry the Commissioner's burden at step five, and that the Plaintiff fails to show the positions identified by the VE entail production pace-type work. *Id.* at 13-18, 20-23.

After careful consideration of the record and the parties' submissions, the Court finds that the Plaintiff's first argument has merit such that reversal and remand are warranted.

### A.

As noted above, at step five of the sequential evaluation process, the burden of proof temporarily shifts to the Commissioner "to show that 'there is other work available in significant numbers in the national economy that the claimant is able to perform'" despite her impairments. *Sampson*, 694 F. App'x at 734 (quoting *Jones*, 190

F.3d at 1228); *see also* 20 C.F.R. §§ 404.1560(c), 416.960(c) ("[T]o support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do . . .").

To carry this burden, the Commissioner may "take administrative notice of reliable job information available from various governmental and other publications," including those sources set forth in the Regulations. 20 C.F.R. §§ 404.1566(d), 416.966(d). The Regulations also permit the Commissioner to base his decision at step five on information supplied by a VE. *Id.* at §§ 404.1566(e), 416.966(e); *Phillips*, 357 F.3d at 1240.

"When the ALJ uses a [VE], the ALJ will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240. In rendering this opinion, a VE "may rely on [her] knowledge and expertise without producing detailed reports or statistics in support of [her] testimony." *Griffin v. Comm'r of Soc. Sec.*, 2018 WL 3352929, at *10 (M.D. Fla. June 20, 2018) (citing *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010) and *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012)). Regardless of whether the ALJ accepts the VE's testimony, the ALJ must ultimately "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Webster*

*v. Comm'r of Soc. Sec.*, 773 F. App'x 553 (11th Cir. 2019) (per curiam) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)).

In this case, the VE identified three representative positions existing in the national economy that an individual with the Plaintiff's age, education, work experience, and RFC could perform. (R. 26, 72). The VE also provided an approximate number of jobs available in the national economy for each such position.[4] (R. 26, 72). Rather than rely on her knowledge and expertise, however, the VE testified that she obtained these job numbers from Skill-Tran, which she described as a "data source from the [United States] Department of Labor" (DOL). (R. 75-76).

When questioned on the matter by Plaintiff's counsel, the VE explained that Skill-Tran takes information compiled by the DOL and applies an unknown, proprietary formula to yield the job numbers she offered. (R. 75-77). The VE further testified that she based her employment figures solely on this program, did not consult the underlying DOL data, and did not conduct labor market surveys or the like to establish support for these figures. *Id.*

The Plaintiff now argues that this VE testimony cannot adequately support the Commissioner's decision. The Court agrees.

The Court begins its analysis by noting that Skill-Tran is not listed in the Regulations as one of the example sources of "reliable job information." 20 C.F.R. §§ 404.1566(d), 416.966(d); *see also Webster*, 773 F. App'x at 556 (noting that job figures

---

[4] These positions were: Floor Waxer, DOT 381.687-034, 15,800 jobs; Hand Packager, DOT 920.587-018, 42,000 jobs; and Spiral Binder, DOT 653.685-030, 4,000 jobs. (R. 26).

obtained from the DOL's Bureau of Labor Statistics publication "Occupational Employment Statistics" are not part of the SSA's regulatory scheme).

The Court also notes that district courts in this circuit have reached different conclusions as to whether an ALJ's decision is adequately supported where the ALJ bases her decision on a VE who, in turn, relies exclusively on Skill-Tran or a similar commercial software program to generate the number of jobs available to a plaintiff at step five. *See, e.g., Middleton v. Comm'r of Soc. Sec.*, 2018 WL 1371246, at *7 (M.D. Fla. Feb. 27, 2018) (highlighting conflict over a VE's exclusive reliance on raw numbers obtained from software programs and collecting cases). Neither party has provided binding authority on this point. Nor has the Court found any. *See Hwang v. Berryhill*, 2019 WL 2526719, at *7 (M.D. Fla. May 7, 2019) ("The only guidance directly concerning the use and reliability of software programs originates from some district courts.").

As the Plaintiff submits, however, courts in this and other circuits that have accepted such evidence tend to do so where the VE supplements it with either additional sources of information or her own knowledge and expertise. *See, e.g., Purdy v. Berryhill*, 887 F.3d 7, 16 (1st Cir. 2018) (Souter, J.) ("This is not to say that we could go to the extreme of approving reliance on evidence of the software numbers offered by a witness who could say nothing more about them than the name of the software that produced them."); *Hwang*, 2019 WL 2526719, at *7 (noting that some courts have found reversible error in VE's exclusive reliance on a software program, while others have found it to constitute substantial evidence only when used in conjunction with

other sources); *Hancock v. Comm'r of Soc. Sec.*, 2016 WL 4927642, at *4 (M.D. Fla. Sept. 16, 2016) ("While Defendant cites to numerous cases in which courts have upheld the use of software such as Skill[-Tran], the courts did so only where the software was one of several resources utilized by the VE in making an assessment."). The Court finds this line of authority persuasive and concludes that, under the circumstances present here, the VE's testimony was insufficient to support the Commissioner's vocational determination.

The Commissioner's efforts to liken the VE's testimony to that approved by the Eleventh Circuit in other cases do not alter the Court's conclusion. (Doc. 24 at 15). Contrary to the Commissioner's suggestion, none of the decisions he cites involved a situation where, as here, the VE denied consulting any sources other than Skill-Tran, lacked knowledge of its methodology, or did not rely on her experience or expertise relative to the job numbers tendered. *Cf. Pena v. Astrue*, 2012 WL 12950409, at *4 (M.D. Fla. Jan. 5, 2012) (rejecting plaintiff's challenge to sufficiency of VE testimony where VE testified his job numbers were based on DOL data, the Occupational Outlook Handbook,[5] and his knowledge of the identified jobs in the economy), *aff'd sub. nom Pena v. Comm'r of Soc. Sec.*, 489 F. App'x 401 (11th Cir. 2012); *Bryant*, 451 F. App'x at 839-840 (upholding ALJ's reliance on VE testimony where record reflected reasoned basis for VE's job numbers that included reference to census figures, state

---

[5] The Occupational Outlook Handbook is published by the Bureau of Labor Statistics and is expressly listed in the Regulations as a source of job data of which the Commissioner may take administrative notice. 20 C.F.R. § 404.1566(d)(5).

information, labor market surveys, and job analyses); *Curcio*, 386 F. App'x at 926 (finding that job numbers testimony based on VE's labor market surveys, experience, and expertise constituted substantial evidence to support ALJ's finding that plaintiff could perform work existing in significant numbers in national economy).

The fact that the Plaintiff challenged the foundation of the VE's testimony at the administrative level further supports the Court's conclusion. Before the ALJ hearing, the Plaintiff objected to the VE's anticipated testimony and sought the production of documents on which the VE might base her opinions. (R. 312-13). The Plaintiff specifically asked for the data supporting the VE's estimate of the number of jobs that might exist in the relevant labor markets and objected to the VE's ability to extrapolate employment figures from certain data sources. (R. 313). The Plaintiff renewed these objections at the hearing and questioned the reliability of the VE's job numbers where the underlying data was not available for review. (R. 66-67). The ALJ denied the Plaintiff's request for the production of such records, opting instead to allow the Plaintiff to question the VE as to the bases of her testimony. *Id.*

While the merit of these objections is not before the Court, the fact that the Plaintiff objected to the VE's job numbers testimony distinguishes this case from others in which courts have rejected challenges to similar VE testimony. *See, e.g., Webster*, 773 F. App'x at 555 (highlighting plaintiff's failure to challenge the VE's qualifications and question the VE on the reliability of the job numbers offered at the hearing in rejecting plaintiff's appellate attack on those numbers); *Middleton*, 2018 WL 1371246, at *7-8 (expressing concern over VE's reliance on commercial software program to

obtain job numbers but affirming ALJ decision in part because plaintiff did not question VE's qualifications, failed to object to VE's opinions, and did not request the data from the software program).

Based on all of the above, the Court is constrained to conclude that the ALJ's step-five finding, made in reliance on the jobs numbers supplied by the VE, is not adequately supported. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (emphasizing that determining the sufficiency of evidence to support ALJ findings, such as reliability of VE testimony, calls for a case-by-case inquiry); *Lynch v. Astrue*, 358 F. App'x 83, 88 (11th Cir. 2009) (reversing Commissioner's decision due to insufficient relevant evidence supporting ALJ's conclusion that other suitable jobs existed in the national economy, where basis for VE's job numbers was called into question at the hearing and that question was left unanswered); *Smeed v. Comm'r of Soc. Sec.*, 2017 WL 4251094, at *4-5 (M.D. Fla. Sept. 26, 2017) (concluding ALJ erred by failing to elicit testimony as to whether VE endorsed Skill-Tran's job numbers based on his knowledge and experience). Accordingly, remand to the Commissioner is warranted.

B.

In light of the above, the Court need not address the Plaintiff's remaining claim of error. *See Demench v. Sec'y of Dep't of Health and Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that, where remand is required, it may be unnecessary to

review other issues raised). On remand, however, the Commissioner should ensure that any hypothetical questions the ALJ poses to the VE comprise all of the Plaintiff's impairments and limitations. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted).

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is reversed and remanded for further proceedings consistent with this Order.

2. The Clerk is directed to enter Judgment in the Plaintiff's favor and to close the case.

3. The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 22nd day of August 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record