UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TANISHA SUSIE HASKINS-SCOTT,

    Plaintiff,

v.                                       Case No. 6:18-cv-975-Orl-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

Before the Court is the *Plaintiff's Contested Motion for Attorney's Fees.* (Doc. 27). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in June 2018, seeking judicial review of the Commissioner's decision denying her claim for Social Security Disability Benefits and Supplemental Security Income. (Doc. 1). In August 2019, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 25). In short, the Court found that the ALJ's determination the Plaintiff could perform a significant number of jobs in the national economy was not supported by substantial evidence. *Id.* The Court reasoned that, in making his step-five finding, the ALJ improperly relied upon the testimony of a vocational expert (VE), who, in

turn, predicated her opinion exclusively on Skill-Tran computer software. *Id*. The Court distinguished the cases the Commissioner cited in support of the ALJ's decision, noting that none of those decisions involved a situation where, as was true in this action, "the VE denied consulting any sources other than Skill-Tran, lacked knowledge of its methodology, or did not rely on her experience or expertise relative to the job numbers tendered." *Id*. The Court also found "the fact that the Plaintiff objected to the VE's job numbers testimony" differentiated this matter from other cases "in which courts have rejected challenges to similar VE testimony." *Id*. Based upon these findings, the Court declined to address the Plaintiff's remaining claim of error. *Id*. The Clerk of Court entered Judgment in the Plaintiff's favor the following day. (Doc. 26). The instant opposed motion for attorney's fees followed. (Docs. 27, 28).

II.

The Equal Access to Justice Act (EAJA or the Act) authorizes a court to award attorney's fees and costs to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). To warrant a grant of attorney's fees and costs under the Act, three conditions must be met: (1) the party must file an application for fees within thirty days of the final judgment; (2) the party must qualify as the prevailing party; and (3) the government's position must not have been substantially justified and no other

2

special circumstances must exist to make an award unjust. *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990)); 28 U.S.C. § 2412(d).

With respect to the third requirement, the EAJA provides, in relevant part, that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The inquiry in this regard "is one of reasonableness." *Stratton v. Bowen*, 827 F.2d 1447, 1449 (11th Cir. 1987). A position will be considered substantially justified when it is supported "'to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (quoting *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995)). The government bears the burden of making such a showing. *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004); *City of Brunswick, Ga. v. United States,* 849 F.2d 501, 504 (11th Cir. 1988). Indeed, unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees. *Myers v. Sullivan*, 916 F.2d 659, 666-67 & n.5 (11th Cir. 1990). That said, the mere fact the government has lost its case does not mean that its position was not substantially justified. *White v. U.S.*, 740 F.2d 836, 839 (11th Cir. 1984). In the end, the district court's determination regarding the issue of substantial justification is reviewed for an abuse of discretion. *Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988).

III.

A.

The Commissioner does not contest that the Plaintiff's application is timely or that the Plaintiff is the prevailing party. Rather, the Commissioner's sole contention is that his position both at the administrative level and before the Court was substantially justified because, the Commissioner maintains, that position was reasonable under the law and the evidence in the record. (Doc. 28 at 3). He asserts in this regard that there is no binding authority in this Circuit preventing an ALJ from basing a decision on a VE who relied exclusively on Skill-Tran computer software, and that some district courts have decided the issue differently than the Court did here. *Id.* at 4.

After a careful review of the matter, the Court disagrees with the Commissioner and concludes that a reasonable person would find that the Commissioner's defense of this case did not have a reasonable basis in law and fact. Notably, the Commissioner does not argue, much less show, that *all* of the positions he took in this matter both at the administrative level and before the Court—including with respect to the Plaintiff's second claim of error—were substantially justified. *Myers*, 916 F.2d at 666-67.

Nor is the Court persuaded by the Commissioner's claim that his argument regarding the VE testimony was substantially justified. As the Court explained in its August 2019 Order of reversal:

> Rather than rely on her knowledge and expertise . . . the VE testified that she obtained the [challenged] job numbers from Skill-Tran

> [computer software], which she described as a "data source from the [United States] Department of Labor" (DOL). (R. 75-76).
>
> When questioned on the matter by Plaintiff's counsel, the VE explained that Skill-Tran takes information compiled by the DOL and applies an unknown, proprietary formula to yield the job numbers she offered. (R. 75-77). *The VE further testified that she based her employment figures solely on this program, did not consult the underlying DOL data, and did not conduct labor market surveys or the like to establish support for these figures. Id.*

(Doc. 25 at 7) (emphasis added). Based upon its review of the record, the relevant case law, and the pertinent regulations, the Court determined that the VE's testimony, under the circumstances, did not constitute substantial evidence. *Id.* at 7-10. The Commissioner fails to demonstrate that the Court's reading of the governing authority was in any way flawed. Nor does he show that the non-binding cases upon which he relied—and which the Court readily distinguished—dictated a contrary result. As such, the Court finds that the Commissioner's defense of this case was not substantially justified, and that the Plaintiff is therefore entitled to attorney's fees.

B.

To determine the amount of fees to be awarded under the Act, the Court is guided by:

> [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Determination of the appropriate hourly rate involves a two-step process. First, the court must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). Second, if the prevailing market rate exceeds $125 per hour, the court must decide whether to adjust the hourly rate for inflation or some special factor. *Id.* at 1033-34.

The market rate during the relevant time period for the type of work at issue here is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee applications for work performed during and after 2018 typically have sought hourly rates ranging from $175 to more than $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. Accordingly, the Court finds it appropriate to deviate upward from the EAJA's base rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI). *See, e.g., Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009); *Morrison v. Astrue*, 2010 WL 547775, *2 (S.D. Fla. Feb. 12, 2010); *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments). The Court finds it reasonable here to use the CPI as a guide for determining cost of living increases

under the Act.  *See* U.S. Dept. of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost.

The Plaintiff seeks $2,873.10 in fees based on a total of 8.3 hours spent on this case between 2018 and 2019 by attorneys Richard Culbertson and Sarah Fay, as well as sixteen hours expended by paralegal Michael Culbertson.  (Doc. 27 at 2).  In support of this fee request, the Plaintiff submits an itemization of the services rendered by each of these individuals.  *Id.* at 10-12.  These fees are predicated on an hourly rate of $201.58 for the lawyers and $75 for the paralegal.  *Id.* at 6-7.

Upon due consideration of the matter, including the lack of any objection from the government regarding the above figures, the Court finds that the total number of hours spent by Plaintiff's counsel is reasonable and that their requested hourly rate—although at the high end—is within the range permitted by the Act under the circumstances present here.  The Court likewise finds that the requested paralegal fees are reasonable and that, given the activities performed by the paralegal, those fees are recoverable under the Act as well.  *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis and citation omitted) (paralegal fees are recoverable "to the extent that the paralegal performs work traditionally done by an attorney"); *see also Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (holding paralegal fees are recoverable under EAJA at the prevailing market rate).  As a result, the Plaintiff is entitled to $2,873.10 in attorneys' fees based on a total of 24.3 hours devoted to this matter between 2018 and 2019.

IV.

In light of the above, it is hereby ORDERED:

1. *Plaintiff's Contested Motion for Attorney's Fees* (Doc. 27) is granted.

2. The Plaintiff is awarded attorneys' fees in the amount of $2,873.10.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this amount shall be made payable to the Plaintiff. If the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's attorneys.

DONE and ORDERED in Tampa, Florida, this 29th day of January 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record